UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RANDALL GUINN,

      Plaintiff,

v.

PRAXAIR, INC. and
FIBA TECHNOLOGIES, INC.,

      Defendants.

CASE NO.
HON.

_____

| | |
|---|---|
| CRAIG E. HILBORN (P43661) | BARRY CONYBEARE (P52056) |
| KEVIN C. RIDDLE (P57435) | CONYBEARE LAW OFFICE, P.C. |
| HILBORN & HILBORN, P.C. | Attorneys for Plaintiff |
| Attorneys for Plaintiff | 519 Main St. |
| 999 Haynes St., Ste. 205 | Saint Joseph, MI 49085 |
| Birmingham, MI 48009 | (269) 983-0561 |
| (248) 642-8350 | |

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Randall Guinn, by and through his attorneys, Hilborn & Hilborn, P.C. and Conybeare Law Office, P.C., and with his complaint, states as follows:

### NATURE OF THE ACTION

1. This is a personal injury claim brought against Defendants Praxair, Inc. for its negligent failure to maintain, repair, and/or remove from service a trailer it owns and uses to transport industrial gases and Fiba Technologies, Inc. for its negligent failure to maintain, repair, and/or recommend removal from service of the Praxair, Inc. trailer for whom it provides maintenance work.

### PARTIES

1

2. Plaintiff, Randall Guinn, is a resident of the City of Peotone, County of Will, State of Illinois.

3. Defendant, Praxair, Inc., is a Delaware corporation with its principal place of business in Connecticut and conducts systematic and continuous business in Michigan with distribution centers throughout Michigan.

4. Defendant, FIBA Technologies, Inc., is a Massachusetts corporation with its principal place of business in Massachusetts and, on information and belief, conducts systematic and continuous business in Michigan.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. This Court has general personal jurisdiction and specific jurisdiction over Defendants herein.

7. This Court has subject matter jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

8. The amount in controversy is in excess of SEVENTY FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of costs, interest, and attorney fees.

## FACTUAL ALLEGATIONS

9. At all relevant times, Ruan Transportation Management employed Mr. Guinn as a commercial truck driver. Mr. Guinn's employment duties included, but were not limited to, the transportation and delivery of Praxair, Inc. products to Praxair, Inc. customers.

10. Praxair, Inc. produces, stores, and distributes industrial gases, such as oxygen and hydrogen.

11. Praxair, Inc. is a motor carrier subject to Code of Federal Regulation Title 49.

12. Praxair, Inc. owns the subject trailer, Praxair, Inc. unit no. 4855 with serial no. 29010-1001 (subject trailer). The subject trailer is an insulated tank trailer.

13. Fiba Technologies, Inc. services gas containment equipment and services Praxair, Inc. trailers.

14. On information and belief, shortly before December 23, 2014, Fiba Technologies, Inc. serviced the subject trailer at its facility in Ohio.

15. On December 23, 2014, Mr. Guinn was delivering hydrogen in the liquid phase from the subject trailer at Hemlock Semiconductor in Hemlock, Michigan.

16. Hydrogen in the liquid phase is much more dense than hydrogen in the gas phase. Hydrogen changes from the gas phase to the liquid phase at negative 423.17 degrees Fahrenheit at atmospheric pressure.

17. Insulated tank trailers, like the subject trailer, cannot prevent all heat from traveling through the tank wall(s) into the hydrogen. The heat warms some of the liquid hydrogen and causes it to convert from a liquid to a gas. The hydrogen gas rises to the top of the tank. The hydrogen gas is much less dense and thus consumes more volume in the tank. This process increases the pressure in the tank.

18. During Mr. Guinn's delivery on December 23, 2014, the subject trailer's pressure rapidly increased.

19. Hydrogen storage tanks, like the subject trailer, have a maximum allowable pressure. The subject trailer has a safety system designed to prevent exceeding the maximum allowable pressure. As the subject trailer's pressure approaches the maximum

allowable pressure, hydrogen gas from the space in the top of the tank vents off. The vented hydrogen gas is routed to a vent stack through a safety relief system compromised of pipes, self-reseating safety relief valves, and in parallel, a rupture disc with a thin diaphragm designed to fail if the pressure continues to increase. The vent stack is designed to safely discharge the vented gas by directing it away from personnel and other equipment.

20. As Mr. Guinn attempted to make his delivery on December 23, 2014, the safety relief system failed. Rather than being released through the vent stack, the hydrogen explosively escaped the tanker through an unused delivery pipe. As a result, Mr. Guinn was impacted by the concussive forces of the explosion and suffered physical injuries and burns.

### COUNT I – NEGLIGENCE AGAINST PRAXAIR, INC.

21. Plaintiff restates paragraphs 1 through 20 as if fully set forth herein.

22. As the owner of the subject trailer, Praxair, Inc. breached its duty of reasonable care owed to Plaintiff in one or more of the following ways:

   a. failing to maintain the subject trailer in a reasonably safe condition;
   b. negligently testing or failing to test the subject trailer;
   c. negligently inspecting or failing to inspect the subject trailer;
   d. negligently allowing the subject trailer to leave its place of business in an unsafe condition;
   e. failing to remove the subject trailer from use;
   f. failing to warn Plaintiff of the signs of valve degradation and the consequences thereof.

4

23. Mr. Guinn was not comparatively negligent in any way and did not proximately cause or contribute to his damages.

24. As a direct and proximate consequence of the negligence of Praxair, Inc., Plaintiff has suffered and will continue to suffer in the future, the following injuries and damages: cervical spine injury requiring a C5 through C7 anterior cervical discectomy and fusion, lumbosacral spine injury requiring fusion, traumatic brain injury with cognitive dysfunction and mood disturbance, severe insomnia, post-traumatic seizure disorder, post-traumatic stress disorder, intractable post-traumatic headache disorder, pain and suffering, emotional anguish, permanent disability, and dysfunction, lost earnings, lost earning capacity, hospitalization, medical expenses and services, rehabilitative costs and services, vocational therapy costs and services, home care services, home modifications, psychological and behavioral damages, and any other damages incidental to the injuries suffered.

WHEREFORE Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) against Defendants.  Additionally, Plaintiff asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief, as the Court deems appropriate.

## COUNT II – NEGLIGENCE AGAINST FIBA TECHNOLOGIES, INC.

25. Plaintiff restates paragraphs 1 through 20 as if fully set forth herein.

26. Fiba Technologies, Inc. serviced the subject trailer in the regular course of its business.

27. Defendant Fiba Technologies, Inc. breached its duty of reasonable care owed to Plaintiff in one or more of the following ways:

    a. negligently testing or failing to test the subject trailer;

    b. negligently inspecting or failing to inspect the subject trailer;

    c. negligently allowing the subject trailer to leave its place of business in an unsafe condition;

    d. failing to properly repair the subject trailer;

    e. failing to recommend removal of the subject trailer from service;

    f. failing to warn Plaintiff of the signs of valve degradation and the consequences thereof.

28. Plaintiff was not comparatively negligent in any way and did not proximately cause or contribute to his damages.

29. As a direct and proximate consequence of the negligence of Praxair, Inc., Plaintiff has suffered and will continue to suffer in the future, the following injuries and damages: cervical spine injury requiring a C5 through C7 anterior cervical discectomy and fusion, lumbosacral spine injury requiring fusion, traumatic brain injury with cognitive dysfunction and mood disturbance, severe insomnia, post-traumatic seizure disorder, post-traumatic stress disorder, intractable post-traumatic headache disorder, pain and suffering, emotional anguish, permanent disability, and dysfunction, lost earnings, lost earning capacity, hospitalization, medical expenses and services, rehabilitative costs and services, vocational therapy costs and services, home care services, home modifications, psychological and behavioral damages, and any other damages incidental to the injuries suffered.

WHEREFORE Plaintiff prays for an award of damages to be fixed by the trier of fact in a reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) against Defendants.  Additionally, Plaintiff asks for costs of this action, all pre-judgment and post-judgment interest as provided by law and such other relief, as the Court deems appropriate.

Respectfully submitted:

HILBORN & HILBORN, P.C.

/s/Kevin C. Riddle
CRAIG E. HILBORN (P43661)
KEVIN C. RIDDLE (P57435)
Attorneys for Plaintiff
999 Haynes St., Ste. 205
Birmingham, MI 48009
(248) 642-8350


/s/Barry Conybeare
BARRY CONYBEARE (P52056)
CONYBEARE LAW OFFICE, P.C.
Attorneys for Plaintiff
519 Main St.
Saint Joseph, MI 49085
(269) 983-0561

Dated: May 4, 2017

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RANDALL GUINN,

    Plaintiff,

v.

PRAXAIR, INC. and
FIBA TECHNOLOGIES, INC.,

    Defendants.

CASE NO.
HON.

_____

| | |
|---|---|
| CRAIG E. HILBORN (P43661) | BARRY CONYBEARE (P52056) |
| KEVIN C. RIDDLE (P57435) | CONYBEARE LAW OFFICE, P.C. |
| HILBORN & HILBORN, P.C. | Attorneys for Plaintiff |
| Attorneys for Plaintiff | 519 Main St. |
| 999 Haynes St., Ste. 205 | Saint Joseph, MI 49085 |
| Birmingham, MI 48009 | (269) 983-0561 |
| (248) 642-8350 | |

_____/

## PLAINTIFF'S JURY DEMAND

    NOW COMES Plaintiff, by and through his attorneys, and hereby demands trial by jury in the above captioned matter.

    Respectfully submitted:

    HILBORN & HILBORN, P.C.

    <u>/s/Kevin C. Riddle</u>
    CRAIG E. HILBORN (P43661)
    KEVIN C. RIDDLE (P57435)
    Attorneys for Plaintiff
    999 Haynes St., Ste. 205
    Birmingham, MI 48009
    (248) 642-8350

                                                  <u>/s/Barry Conybeare</u>
BARRY CONYBEARE (P52056)
CONYBEARE LAW OFFICE, P.C.
Attorneys for Plaintiff
519 Main St.
Saint Joseph, MI 49085
(269) 983-0561

Dated: May 4, 2017