UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY GUINN,

                Plaintiff,                Case No. 17-11436

v                                                  Honorable Thomas L. Ludington

PRAXAIR, INC., FIBA TECHNOLOGIES,
INC., FIKE CORPORATION, AND
CHART INDUSTRIES, INC.

                Defendant.

_____/

**ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND DENYING MOTION TO COMPEL PLAINTIFF'S EXPERT WITNESSES FOR DEPOSITION AND TO EXTEND CASE MANAGEMENT ORDER**

On May 4, 2017, Plaintiff filed a complaint against Praxair, Inc. ("Praxair") and Fiba Technologies, Inc. ("Fiba") for injuries sustained from a hydrogen explosion. ECF No. 1. At the time of the incident, Plaintiff was employed by Ruan Transportation Management ("Ruan") as a commercial truck driver. *Id.* On December 23, 2014, he attempted to complete a delivery of hydrogen contained in an insulated tank trailer. *Id.* He alleged in the complaint that the trailer's safety relief system failed and hydrogen explosively escaped the tanker, injuring him. *Id.*

**I.**

According to the complaint, Praxair owned the trailer and Fiba serviced the trailer prior to the incident. In his complaint, Plaintiff claimed that Praxair breached its duty of reasonable care as the owner of the trailer. *Id.* at 4. Plaintiff also claimed that Fiba was negligent in its servicing of the trailer. On July 6, 2017, Praxair filed its answer to the complaint and on July 21, 2017, Fiba filed its answer. ECF Nos. 6, 9. On August 9, 2017, the Court entered a scheduling order setting March 12, 2018 as the conclusion of discovery. ECF No. 14.

On September 15, 2017, Praxair filed a Notice of Non-Party Fault. ECF No. 19. It presented five parties not identified in Plaintiff's complaint and alleged that these parties were at fault for Plaintiff's damages. Among these parties was Fike Corporation ("Fike"). Praxair stated:

> Praxair identifies Fike Corporation, 704 SW 10th Street, Blue Springs, MO 64015 as a non-party that may be wholly or partially at fault for plaintiff's claimed damages in this matter. Fike Corporation manufactures bursting discs used on liquid hydrogen transportation trailers, including on the trailer at issue in this case. Fike Corporation's potential negligence in manufacturing the bursting disc may have caused or created conditions initiating the incident that was a proximate cause, or the proximate cause, of plaintiff's alleged injuries and damages.

*Id.* at 2. On October 17, 2017, Fiba also filed a Notice of Non-Party Fault. ECF No. 20. It identified the same five parties at fault that Praxair identified in its earlier Notice of Non-Party Fault, including Fike Corporation. *Id.*

On December 19, 2017, Plaintiff filed his amended complaint. ECF No. 27. The amended complaint added Fike and Chart Industries as defendants to the action. *Id.* Count III of the amended complaint claims that Fike was negligent as follows.

> 35. Fike Corporation manufactured the burst or rupture discs used on the subject trailer in the regular course of its business.
>
> 36. Defendant Fike Corporation negligently designed, tested, approved, manufactured, produced and/or recommended the burst or rupture discs used on the subject trailer in that Fike failed to exercise reasonable care to prevent the burst or rupture discs from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner in one or more of the following ways:
>     a. by producing one or more burst or rupture discs that contained manufacturing, design and/or production defects that caused it to fail resulting in an uncontrolled release of hydrogen gas from the subject trailer;
>     b. by negligently failing to adequately test and/or use adequate quality control procedures to alter it to manufacturing or production defects;
>     c. by recommending and/or supplying an inadequate and/or inappropriate burst or rupture disc for use on Praxair, Inc., unit no. 4855;
>     d. other acts of negligence that may become known through the course of discovery;

> 37. Fike Corporation expected the burst or rupture disc to reach, and it did reach, the consumer without substantial change to the condition in which defendant produced and sold it.

*Id.* at 8–9.

On February 3, 2018, the scheduling order was amended at the request of the parties and the close of discovery was extended to October 19, 2018, providing the parties more than one year for discovery. ECF No. 42. On July 9, 2018, a second amendment to the scheduling order was submitted. ECF No. 51. It sought a further extension of the dates entered by the Court in part based upon the attorneys' representations that they wanted to "focus on facilitation and to control litigation costs prior to facilitation." *Id.* at 2. Accordingly, the close of discovery was extended to November 19, 2018.

Shortly thereafter, case manager Kelly Winslow received a phone call from attorney James Hunter seeking a conference because the existing dates needed to be furthered extended, particularly with the need to prepare for facilitation. On August 7, 2018, a phone conference was held and additional extensions were granted in consideration of the parties' request for leniency to accommodate facilitation. *See* ECF No. 53. The close of discovery was extended to December 3, 2018. *Id.*

On September 17, 2018, the Court received a Joint Status Report regarding facilitation. The report related the fact that a facilitation session was held on September 11, 2018, that it was unsuccessful, and that Fike "elected not to participate." ECF No. 58 at 2. On September 28, 2018, Fike was ordered to show cause "as to why it should not be directed to participate in an additional facilitation session and compensate all other parties who attended the previous session." ECF No. 62 at 4.

Fike responded with essentially two explanations for its decision. First, it suggests that the facilitation session "did not occur in the context of Local Rule 16." ECF No. 63 at 2. It explains

that the subject of facilitation was initiated by Praxair's counsel and that Fike had communicated to Praxair's counsel that it did not anticipate participating. This information was previously unknown to the Court. Second, it explains that notwithstanding Praxair's Notice of Non-Party Fault, Praxair's Director of Safety for U.S. Industrial Gases, Dan Rathgeber, had been deposed on May 4, 2018 regarding the company's Root Cause Analysis (RCA) of the accident.

> In his deposition, Mr. Rathgeber identified two causes of the incident. He stated:
>
> "[T]here were two causes. When we say 'caused the incident,' we need to be talking about the focal point here, and we were looking at the injury to Mr. Guinn, so Mr. Guinn's really [sic] lack of operational discipline, not lowering the tank pressure to what the procedures and the requirements were caused the incident. And then him also going to the back of the trailer without his required PPE caused the injury to his – to his head."[1]

ECF No. 63-4 at 130. Mr. Rathgeber further stated that none of Fike's actions caused the incident.

> Q: As part of the RCA, did you determine that any actions by Fike were a cause of this incident?
>
> A: Any actions by Fike, the company?
>
> Q: Yes.
>
> A: No.
>
> Q: The—Praxair did not reach a determination that there was a problem with the burst disk that was a cause of the failure, correct?
>
> A: Correct.

ECF No. 63-4 at 89–90. Later in the deposition, Mr. Rathgeber addressed the burst disk manufactured by Fike.

> A: The burst disk is a safety device, that's correct.
>
> Q: Okay. And then that's a secondary safety device after, what, the pressure relief valve?
>
> A: Correct.

---

[1] Mr. Rathgeber went on to explain that the term "PPE" refers to protective equipment that Plaintiff should have been wearing. ECF No. 63-4 at 130.

> Q: So the event that occurred in this case is an example of the safety devices working?
>
> A: That's correct.
>
> Q: Because I think, as you said earlier, if they didn't work, the entire tank full of liquid hydrogen could have exploded?
>
> A: That's correct.

ECF No. 63-4 at 134–135. Accordingly, Fike's counsel suggests that notwithstanding the status of the existing pleadings, Fike's counsel had been informed that Plaintiff was not looking for any payment or contribution from Fike. ECF No. 63 at 11–12.

On October 12, 2018, the Court ordered Plaintiff, Praxair, Fiba, and Chart to submit supplemental briefing as to whether a second facilitation would be productive. ECF No. 66. The Court has taken the parties' responses under advisement.

## II.

### 1.

On October 26, 2018, Praxair filed two motions to compel. One of the motions requests that Plaintiff make three expert witnesses available for deposition. ECF No. 73. It also seeks to amend the scheduling order by extending the discovery cut-off by two months. *Id.* Plaintiff refused to concur to this extension prior to Praxair filing the motion. ECF No. 73 at 2. In its response though, Plaintiff expressed no concern about the extension and in fact, fully supported Praxair's request on the matter. ECF No. 75. However, neither party provided any suitable explanation as to why the extension was necessary or why it should be granted. Accordingly, the Court will not amend the scheduling order. To do so would bring the total number of scheduling orders to five. The parties have been given more than sufficient time to conduct discovery. Granting an extension at this point would be excessive. Furthermore, Plaintiff's response states that the parties have now scheduled the depositions of the three witnesses. *Id.*

**2.**

The other motion requests that Praxair be permitted to depose Plaintiff a second time. ECF No. 72 at 10. Praxair deposed Plaintiff on April 24, 2018. *Id.* According to Praxair, it received two reports five months later from Plaintiff's engineering experts. Praxair claims among other things that these reports change Plaintiff's theory of causation. *Id.* According to Praxair, the reports indicate that "the trailer's safety relief system worked as intended" and that the accident actually occurred because the system should not have activated at the time of the incident. *Id.* at 11.

Praxair argues that it should be permitted to depose Plaintiff a second time because Plaintiff materially changed his causation theory after his first deposition. *Id.* Praxair contends that Plaintiff initially claimed that the accident occurred because of the "alleged *failure* of the [trailer's] safety relief system." *Id.* (emphasis in original). In contrast, Praxair alleges that Plaintiff's engineers' reports indicate that the relief system's failure did not cause the accident, but rather, the activation of the relief system did. *Id.* at 11. Specifically, Praxair contends that Plaintiff's engineers' reports present the following:

- The trailer had historical vacuum issues, causing excessive heating of the liquid hydrogen in the trailer before Guinn arrived to Hemlock;
- The road relief valve was never opened by Guinn en route to Hemlock causing the trailer to over-pressurize in transit due to a miscalculation of the amount of liquid hydrogen in the trailer. *Plaintiff says it was negligent training that led to this scenario*;
- Alternatively, the proper road relief valve didn't exist, and thus plaintiff theorizes that Praxair supplied Guinn with a defective trailer; and
- Plaintiff now points to the lighting system on top of the rear cabinet as being non-complaint [sic] with standards for hydrogen service and the source of the ignition.

ECF No. 72 at 10–11 (emphasis added).

Plaintiff has not amended his complaint to address his new factual explanation for the explosion or the resulting change in legal theory (for example, who failed in their alleged duty of training: Plaintiff, Praxair, or Ruan?). And that does not seem to be a concern for Praxair. On the

contrary, Praxair simply seeks to depose Plaintiff a second time. Plaintiff responded to Praxair's other motion to compel and essentially agreed to Praxair's requests, but has elected to not respond to this motion to compel. In the absence of a response, it is appropriate to grant the motion.

**III.**

Accordingly, it is **ORDERED** that Defendant Praxair's motion to compel, ECF No. 72, is **GRANTED**.

It is further **ORDERED** that Defendant Praxair's motion to compel and to extend case management dates, ECF No. 73, is **DENIED**.

Dated: November 16, 2018    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager