# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

RANDY GUINN,

          Plaintiff,

v.

PRAXAIR, INC.; FIBA TECHNOLOGIES, INC.;
FIKE CORPORATION; and CHART INC,

          Defendants.

Case No. 1:17-cv-11436-TLL-PTM
Hon. Thomas L. Ludington

---

| | |
|---|---|
| Barry R. Conybeare, P52056<br>Matthew R. Conklin, P71194<br>CONYBEARE LAW OFFICE, P.C.<br>Attorney for Plaintiff<br>519 Main Street<br>St. Joseph, MI 49085<br>269-982-0561<br>barry@conybearelaw.com<br>matt@conybearelaw.com | Stephen L. Witenoff, P29815<br>THOMAS, DEGROOD & WITENOFF,P.C.<br>Attorney for Defendant Fike Corp.<br>400 Galleria Officentre, Suite 550<br>Southfield, MI 48034<br>248-353-4450<br>switenoff@thomasdegrood.com |
| Debra A. Freid, P33078<br>FREID, GALLAGHER, TAYLOR<br>& ASSOC, P.C.<br>Attorney for Plaintiff<br>604 S. Jefferson Avenue<br>Saginaw, MI 48607-1132<br>989-754-0411<br>dfreid@fgt-law.com | Ryan K. Rubin (OH Bar No. 0077367)<br>LEWIS, BRISBOIS, BISGAARD &<br>SMITH, LLP<br>Attorney for Defendant Chart Inc<br>1375 East 9th Street, Suite 2250<br>Cleveland, OH 44114<br>216-344-9422<br>ryan.rubin@lewisbrisbois.com |
| Theresa M. Asoklis, P42709<br>James J. Hunter, P74829<br>Richard A. Joslin, Jr., P47510<br>COLLINS EINHORN FARRELL<br>Attorney for Defendant, Praxair<br>4000 Town Center, 9th Floor<br>Southfield, MI 48075<br>248-355-4141<br>theresa.asoklis@ceflawyers.com<br>james.hunter@ceflawyers.com<br>richard.joslin@ceflawyers.com | David J. Yates, P49405<br>Eric P. Conn, P64500<br>Michael P. Wisniewski, P77343<br>SEGAL, MCCAMBRIDGE SINGER &<br>MAHONEY<br>Attorneys for Defendant FIBA<br>39475 13 Mile Road, Suite 203<br>Novi, MI 48377<br>248-994-0060<br>dyates@smsm.com<br>econn@smsm.com<br>mwisniwski@smsm.com |

---

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
## INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS

Plaintiff, RANDY GUINN, by his attorneys, JOHNSON LAW, PLC brings the following Motion to Compel Answers to Interrogatories and the Production of Documents pursuant to FRCP 37(a)(3)(B) as follows:

1.      This case involves a hydrogen explosion which occurred on December 22, 2014, in which Plaintiff Randy Guinn was seriously injured.

2.      This explosion occurred when Mr. Guinn was unloading a trailer owned by Praxair, and during the unloading process pressure in the trailer rose so rapidly that it led to a pressure release into the atmosphere, which then ignited, causing an explosion.

3.      Plaintiff's expert Thomas Witte, PE, is of the opinion that the pressure in the trailer which led to the expulsion of gas into the atmosphere was caused by (a) overfilling of the trailer by Defendant Praxair and (b) an unrepaired defect in the trailer which allowed the trailer to lose vacuum pressure, thereby transferring heat to the liquid hydrogen which increased the pressure, resulting in the emission of the gas.

4.      Plaintiff sought historical vacuum pressure readings from Defendant in its second interrogatories and fourth request for production of documents, and Defendant has refused to produce those as will be more fully described in the Brief

filed in support of this motion.  Furthermore, Plaintiff sought vacuum readings after the explosion in Plaintiff's Sixth Request for Production of Documents Request 1 and Defendant Praxair has refused to produce those as well.

5.      Additionally, Plaintiff has sought the repair records from the involved trailer after the incident as they clearly would indicate what, if any, equipment malfunctioned on the trailer and Defendant has refused to produce these documents as well (Plaintiff's Sixth Request for Production of Documents, Question #2).

6.      On November 30, 2018, the deposition of Dennis Noel was taken.  Noel is the Defendant Praxair's former head cryogenic maintenance employee at the time of Plaintiff's accident.  Noel testified that he kept a book – the vacuum book – which recorded all the vacuum pressures for all trucks used by Defendant Praxair to deliver hydrogen.  Furthermore, the "vacuum book" – which was a three (3) ring binder with a white cover – also logged every time the vacuum pressure was re-established in a truck that was used by Defendant Praxair to deliver hydrogen.  The at-issue discovery in this Motion also compels the production of the  "vacuum book"  that should have been previously produced by Defendant Praxair.

7.      The above information is relevant to this case and should be produced by Defendant, and therefore Plaintiff requests an order by this Court compelling the Defendant to produce this information within the next fourteen (14) days.

8.      Plaintiff conferred with counsel for Defendant Praxair and explained

the nature and legal basis of this motion but could not obtain concurrence in the relief sought.

WHEREFORE, Plaintiff requests that the Court grant the present motion and compel Defendant respond to (1) Plaintiff's Second Interrogatories and Fourth Request for Production of Documents, (2) Plaintiff's Sixth Request for Production of Documents Request 1, and (3)  Plaintiff's Sixth Request for Production of Documents Request 2 within in the next fourteen (14) days.

Respectfully submitted,

JOHNSON LAW, PLC

By:   */s/ThomasW.Waun*_____
VEN R. JOHNSON (P39219)
THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
Co-Counsel for Plaintiff
Capitol Theater Building
140 E. 2nd St., Ste. 201
Flint, Michigan  48502
Date:  November 30, 2018          (810) 695-6100

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RANDY GUINN,

        Plaintiff,

v.

PRAXAIR, INC.; FIBA TECHNOLOGIES, INC.;
FIKE CORPORATION; and CHART INC,

        Defendants.

Case No. 1:17-cv-11436-TLL-PTM
Hon. Thomas L. Ludington

---

| | |
|---|---|
| Barry R. Conybeare, P52056<br>Matthew R. Conklin, P71194<br>CONYBEARE LAW OFFICE, P.C.<br>Attorney for Plaintiff<br>519 Main Street<br>St. Joseph, MI 49085<br>269-982-0561<br>barry@conybearelaw.com<br>matt@conybearelaw.com | Stephen L. Witenoff, P29815<br>THOMAS, DEGROOD & WITENOFF,P.C.<br>Attorney for Defendant Fike Corp.<br>400 Galleria Officentre, Suite 550<br>Southfield, MI 48034<br>248-353-4450<br>switenoff@thomasdegrood.com |
| Debra A. Freid, P33078<br>FREID, GALLAGHER, TAYLOR<br>& ASSOC, P.C.<br>Attorney for Plaintiff<br>604 S. Jefferson Avenue<br>Saginaw, MI 48607-1132<br>989-754-0411<br>dfreid@fgt-law.com | Ryan K. Rubin (OH Bar No. 0077367)<br>LEWIS, BRISBOIS, BISGAARD &<br>SMITH, LLP<br>Attorney for Defendant Chart Inc<br>1375 East 9th Street, Suite 2250<br>Cleveland, OH 44114<br>216-344-9422<br>ryan.rubin@lewisbrisbois.com |
| Theresa M. Asoklis, P42709<br>James J. Hunter, P74829<br>Richard A. Joslin, Jr., P47510<br>COLLINS EINHORN FARRELL<br>Attorney for Defendant, Praxair<br>4000 Town Center, 9th Floor<br>Southfield, MI 48075<br>248-355-4141<br>theresa.asoklis@ceflawyers.com<br>james.hunter@ceflawyers.com<br>richard.joslin@ceflawyers.com | David J. Yates, P49405<br>Eric P. Conn, P64500<br>Michael P. Wisniewski, P77343<br>SEGAL, MCCAMBRIDGE SINGER &<br>MAHONEY<br>Attorneys for Defendant FIBA<br>39475 13 Mile Road, Suite 203<br>Novi, MI 48377<br>248-994-0060<br>dyates@smsm.com<br>econn@smsm.com<br>mwisniwski@smsm.com |

## TABLE OF CONTENTS

STATEMENT OF QUESTION PRESENTED ........................................................................... vii

MOST CONTROLLING AUTHORITY ................................................................................ viii

BRIEF IN RESPONSE ..........................................................................................................9

## STATEMENT OF QUESTION PRESENTED

Whether Defendant Praxair should be compelled to produce answers to request 7 of Plaintiff's Second Set of Interrogatories and Fourth Request for Production of Documents, and Plaintiff's Sixth Request for Production of Documents.

Plaintiff answers:  yes.

Defendant Praxair answers:  no.

## MOST CONTROLLING AUTHORITY

Lewis v ACB Bus. Servs, 135 F3d 389 (6th 1998)

F.R.C.P. 26(b)(1)

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND THE PRODUCTION OF
DOCUMENTS**

**STATEMENT OF FACTS**

This case involves the transporting and unloading of liquid hydrogen. Hydrogen transforms from a liquid to a gas at -423 degrees Fahrenheit. This is similar to water transforming from a liquid to a gas at +212 degrees Fahrenheit. In order to haul liquid hydrogen (and prevent it from transforming into a gas) it must be hauled at a very low temperature, the science of which is known as cryogenics.

The hydrogen trailer at issue in the present case is identified as trailer 4855. It is similar to a thermos. There is an inner tank which holds the hydrogen. The inner tank is wrapped in insulation. An outer tank then goes around the insulation. The space between the outer and inner tanks is known as the annular space. The goal is to prevent any heat from being transferred from the outer tank to the inner tank, thereby maintaining a very low temperature of the liquid hydrogen, which in turn prevents it from turning into a gas. If heat is transferred to the inner tank holding the liquid hydrogen, it then boils and transforms into a gas which expands the volume in the inner significantly and can lead to an explosion in the tank.

There are various pressure release mechanisms on the tank to prevent explosions. There are 3 different release valves that open and close as necessary when inner tank pressure rises past certain levels (17, 135 and 150 psi). The last line

9

of defense is a piece of equipment known as a burst disc which is a thin piece of metal that literally explodes once the pressure within the tank reaches 219 psi. In this case pressures in the inner tank of trailer 4855 rose to levels that caused the burst disc did explode, and hydrogen was released into the atmosphere which ignited and exploded, injuring Randy Guinn.

One of the ways that heat can be transferred from the outer tank through the inner tank is through air in the annular space. The air molecules transfer the heat from the outer shell to the inner shell. A way to prevent this transfer is to create a total vacuum in the annular space, eliminating all air. This then eliminates air molecules which prevents the transference of heat through these molecules. Maintaining a good vacuum in a tank like this is critical to keeping the liquid hydrogen at a temperature low enough to prevent it from turning into gas. A good vacuum is measured at between 1-10 microns. A reading over 50 microns is indicative of a bad vacuum.

Randy Guinn was operating trailer 4855 on the date of his explosion. Trailer 4855 was owned by the Defendant and had been in use since 1990. It was purchased at the same time as a sister trailer, number 4896.

Trailer 4855 had significant historical vacuum problems. When it was first purchased it was returned to the manufacturer, a predecessor of Defendant Chart, as it was experiencing problems maintaining a proper vacuum. Over the years it

continued to have vacuum problems which were continually being fixed by either

Praxair or its repair company FIBA, who is also a co-Defendant.  In fact, Defendant

FIBA provided a 5 year inspection and repair of the trailer from August to October

of 2014, only 2 months before the subject explosion, and during that process had

difficulty maintaining a proper vacuum.

Trailer 4855 and trailer 4896 obviously had significant problems.  During a

10-year period, these 2 trailers ruptured in excess of 60 burst discs.  These events

are very unusual.  Expert Witte worked for a competitor known as Air Products and

indicated that in the 20 years that he worked their fleet of 100 trucks only had two

rupture burst discs occurred during a 20-year period.  Praxair's other 8 trailers in it's

East Chicago fleet (aside from 4855 and 4896) only had one ruptured burst disc

between them in a 10-year period.  Trailer 4855 had 31 burst rupture discs in 10

years.  Obviously, something was terribly wrong with trailer 4855's ability to

maintain proper tank pressure.

Plaintiff's expert Thomas Witte, PE, is of the opinion that the increase in tank

pressure causing the burst disc rupture was caused by (a) Praxair's overfilling of the

trailer, and (b) unusual heat transfer most likely due to poor vacuums in the annular

space of the trailer.  In order to determine whether the 31 rupture discs over a 10-

year period in trailer 4855 were due to a similar circumstance, Plaintiff requested the

vacuum readings for this 10-year period in question number 7 in its Second Set of

11

Interrogatories, (Exhibit 1) as well as Fourth Request for Production of Documents

to Defendant Praxair (Exhibit 1).  The question and response are listed below:

> 7.      Provide all the historical vacuum readings for the liquefied hydrogen trailer 4855 and 4896.  Include vacuum readings taken on or around the dates the rupture discs were replaced on the chart labeled "East Chicago Burst Disc Replacement History By Trailer Manufacturer" in the document "Praxair Incident Report 2o08603-Hemlock Lh2 Stack Fire 2014 Ti".
>
> ANSWER: Praxair objects to this request because it is overbroad: historical vacuum readings that are not near in time to the incident, are not relevant to plaintiff's claims, nor is this request reasonably calculated to lead to the discovery of admissible evidence.  Praxair also objects to this request because vacuum readings for trailer 4896, which is not the trailer at issue in this litigation, are irrelevant to plaintiff's claims and this request is not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, Plaintiff sought information regarding the vacuum readings

after the December 22, 2014, incident in its Sixth Request for Production of

Documents (Exhibit 2) when it stated:

> 1.      Produce trailer 4855's vacuum readings from December 23, 2014 to the present.
>
> RESPONSE: Praxair objects to this request because vacuum readings *after* the incident are not relevant to plaintiff's claims.  Praxair has produced a vast number of records pre-dating the incident, but this request is not proportional to needs of the case in light of the fact that the information requested is irrelevant and inadmissible.

Lastly, Plaintiff sought information regarding what equipment was repaired

on the truck as it would help Plaintiff determine exactly what may have

malfunctioned in the explosion in Sixth Request for Production of Documents

Question number 2 (Exhibit 2) when it requested the following:

>    2.      Produce trailer 4855's service records from December 23, 2014 to the present.
>
>    RESPONSE:  Praxair objects to this request because service records *after* the incident are not relevant to plaintiff's claims.  Praxair has produced a vast number of records pre-dating the incident, but this request is not proportional to the needs of the case in light of the fact that the information requested is irrelevant and inadmissible.

On November 30, 2018, the deposition of Dennis Noel was taken.  Noel is the Defendant Praxair's former head cryogenic maintenance employee at the time of Plaintiff's accident.  Noel testified that he kept a book – the vacuum book – which recorded all the vacuum pressures for all trucks used by Defendant Praxair to deliver hydrogen.  Furthermore, the "vacuum book" – which was a three (3) ring binder with a white cover – also logged every time the vacuum pressure was re-established in a truck that was used by Defendant Praxair to deliver hydrogen.  The at-issue discovery in this Motion also compels the production of the "vacuum book" that should have been previously produced by Defendant Praxair.

Defendant Praxair has refused to provide the discovery needed by Plaintiff. Thus, Plaintiff has filed the present motion seeking an order compelling answers and production of the documents requested.

## STANDARD OF REVIEW

The District Court is granted broad discretion when resolving disputed related to the scope of discovery.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir.

1998).

## ARGUMENT

The Sixth Circuit has stated, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis*, 135 F.3d at 402.  Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense  [*5] . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Pursuant to Fed. R. Evid. 401, "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

As will be discussed in turn, the defendants in this matter have improperly objected to answering certain interrogatories and producing certain requested documents.  In each instance identified below, the information sought is relevant to Plaintiff's claims, is not protected by any identified privilege and is within the broad scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).

1. **Interrogatory 7 Of Plaintiff's Second Set of Interrogatories And Fourth Request for Production**

Interrogatory 7 of Plaintiff's Second Set of Interrogatories and Fourth Request for Production to Defendant Praxair and Defendant Praxair's Response state as follows:

7.     Provide all the historical vacuum readings for the liquefied hydrogen trailer 4855 and 4896.  Include vacuum readings taken on or around the dates the rupture discs were replaced on the chart labeled "East Chicago Burst Disc Replacement History By Trailer Manufacturer" in the document "Praxair Incident Report 2o08603-Hemlock Lh2 Stack Fire 2014 Ti".

ANSWER: Praxair objects to this request because it is overbroad: historical vacuum readings that are not near in time to the incident, are not relevant to plaintiff's claims, nor is this request reasonably calculated to lead to the discovery of admissible evidence.  Praxair also objects to this request because vacuum readings for trailer 4896, which is not the trailer at issue in this litigation, are irrelevant to plaintiff's claims and this request is not reasonably calculated to lead to the discovery of admissible evidence.

The historical vacuum readings on the subject trailer (4855) and its LOX manufactured sister trailer (4896) are relevant to the litigation in helping identify the cause and origin of the explosion that injured plaintiff.  If the prior 60+ burst disc ruptures coincide with abnormally high vacuum readings, then that supports the theory that the burst disc rupture in the present case was consistent and that the problem should have been addressed prior to Mr. Guinn's injury. Furthermore consistent poor vacuum readings would also support Plaintiff's theory that this trailer was defective and should have been taken out of service by Defendant Praxair. Clearly the records are relevant and should be produced.

## 2.  Plaintiff's Sixth Request For Production

Defendant Praxair refused to fully respond to Document Request 1 of Plaintiff's Sixth Request for Production. This Request for Production and Defendant

Praxair's responses are as follows:

> 1.    Produce trailer 4855's vacuum readings from December 23, 2014 to the present.
>
> RESPONSE:  Praxair objects to this request because vacuum readings *after* the incident are not relevant to plaintiff's claims.  Praxair has produced a vast number of records pre-dating the incident, but this request is not proportional to needs of the case in light of the fact that the information requested is irrelevant and inadmissible.

The post-explosion vacuum readings on trailer 4855 are clearly relevant to the litigation in establishing the cause and origin of the explosion.  If the vacuum readings taken after the explosion are abnormally high it will support the fact that the explosion was due to heat transfer resulting from a poor vacuum. The records are clearly relevant and should be produced.

## 3.  Plaintiff's 6th Request To Produce Number 2

Defendant Praxair also refused to answer Plaintiff's 6th Request to Produce number 2. The Request and Response state:

> 2.    Produce trailer 4855's service records from December 23, 2014 to the present.
>
> RESPONSE:  Praxair objects to this request because service records *after* the incident are not relevant to plaintiff's claims.  Praxair has produced a vast number of records pre-dating the incident, but this request is not proportional to the needs of the case in light of the fact that the information requested is irrelevant and inadmissible.

Plaintiff is entitled to obtain the service records for trailer 4855 following the incident.  Any and all maintenance performed on the trailer by defendant Praxair, or

any of its subcontractors, is relevant and may lead to the discovery of admissible evidence. Any repairs made to the trailer due to explosion-related damage are relevant to the search for cause and origin. Moreover, any mechanical work or alterations made to trailer 4855 in order to mitigate the risk of rupture disc failures going forward is relevant and may lead to the discovery of admissible evidence. As such the subject records should be produced.

## CONCLUSION

The information sought in (1) Plaintiff's Second Interrogatories and Fourth Request for Production of Documents, (2) Plaintiff's Sixth Request for Production of Documents Request 1, and (3) Plaintiff's Sixth Request for Production of Documents Request 2 is clearly relevant and therefore discoverable. As such Plaintiff requests that the court grant his motion and order response to this discovery within fourteen (14) days.

Respectfully submitted,

JOHNSON LAW, PLC


By:  */s/ThomasW.Waun_____*
VEN R. JOHNSON (P39219)
THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
Co-Counsel for Plaintiff
Capitol Theater Building
140 E. 2nd St., Ste. 201
Flint, Michigan  48502
Date: November 30, 2018        (810) 695-6100

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2018, I filed the foregoing paper with the Clerk of the Court, and all interested parties of record via United States District Court Eastern District of Michigan Southern Division E-Filing System.

Date: November 30, 2018

*/s/ Deborah A. Grimmer*_____
Deborah A. Grimmer