UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY GUINN,

                Plaintiff,                Case No. 17-11436

v                                          Honorable Thomas L. Ludington

PRAXAIR, INC., FIBA TECHNOLOGIES,
INC., FIKE CORPORATION, AND
CHART INDUSTRIES, INC.

                Defendant.

_____/

**ORDER DIRECTING FIKE TO SUPPLEMENT ITS MOTION FOR SUMMARY JUDGMENT WITH AN EXPLANATION OF PLAINTIFF'S AND PRAXAIR'S RESPONSES TO A REQUEST FOR CONCURRENCE AND FOR PRAXAIR TO FURNISH AN EXPEDITED RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

On May 4, 2017, Plaintiff filed a complaint against Praxair, Inc. ("Praxair") and Fiba Technologies, Inc. ("Fiba") for injuries sustained from a hydrogen explosion. ECF No. 1. At the time of the incident, Plaintiff was employed by Ruan Transportation Management as a commercial truck driver. *Id.* On December 23, 2014, he attempted to complete a delivery of hydrogen contained in an insulated tank trailer. *Id.* Plaintiff alleges that the trailer's safety relief system failed and hydrogen explosively escaped the tanker, injuring him. *Id.*

According to the complaint, Praxair owned the trailer and was negligent and breached its duty of reasonable care as its owner. *Id.* at 4. On September 15, 2017, Praxair filed a Notice of Non-Party Fault. ECF No. 19. It presented five parties not identified in Plaintiff's complaint and alleged that these parties were at fault for Plaintiff's damages. *Id.* Among these parties was Fike Corporation ("Fike") and Chart Industries Inc. ("Chart"). *Id.* On October 17, 2017, Fiba also filed a Notice of Non-Party Fault listing the same parties as those listed in Praxair's Notice of Non-

Party Fault. ECF No. 20. On December 19, 2017, Plaintiff filed an amended complaint adding Fike and Chart as defendants. ECF No. 27.

On August 9, 2017, the Court had entered a scheduling order setting March 12, 2018 as the conclusion of discovery. ECF No. 14. On February 3, 2018, the scheduling order was amended at the request of the parties and the close of discovery was extended to October 19, 2018, providing the parties more than one year for discovery. ECF No. 42. On July 9, 2018, a second amendment to the scheduling order was submitted. ECF No. 51. It sought a further extension of the dates entered by the Court in part based upon the attorneys' representations that they wanted to "focus on facilitation and to control litigation costs prior to facilitation." *Id.* at 2. Accordingly, the close of discovery was extended to November 19, 2018.

Shortly thereafter, case manager Kelly Winslow received a phone call from attorney James Hunter seeking a conference because the existing dates needed to be furthered extended, particularly with the need to prepare for facilitation. On August 7, 2018, a phone conference was held and additional extensions were granted in consideration of the parties' request for leniency to accommodate facilitation. *See* ECF No. 53. The close of discovery was extended to December 3, 2018. *Id.*

On September 17, 2018, the Court received a Joint Status Report regarding facilitation. The report related the fact that a facilitation session was held on September 11, 2018, that it was unsuccessful, and that Fike "elected not to participate." ECF No. 58 at 2. On September 28, 2018, Fike was ordered to show cause "as to why it should not be directed to participate in an additional facilitation session and compensate all other parties who attended the previous session." ECF No. 62 at 4.

Among its reasons for not participating in the facilitation session, Fike explained that notwithstanding Praxair's Notice of Non-Party Fault, Praxair's Director of Safety for U.S. Industrial Gasses, Dan Rathgeber, had been deposed on May 4, 2018 regarding the company's Root Cause Analysis (RCA) of the accident.

In his deposition, Mr. Rathgeber identified two causes of the incident. He stated:

> "[T]here were two causes. When we say 'caused the incident,' we need to be talking about the focal point here, and we were looking at the injury to Mr. Guinn, so Mr. Guinn's really [sic] lack of operational discipline, not lowering the tank pressure to what the procedures and the requirements were caused the incident. And then him also going to the back of the trailer without his required PPE caused the injury to his – to his head."[1]

ECF No. 63-4 at 130. Mr. Rathgeber further stated that none of Fike's actions caused the incident.

> Q: As part of the RCA, did you determine that any actions by Fike were a cause of this incident?
>
> A: Any actions by Fike, the company?
>
> Q: Yes.
>
> A: No.
>
> Q: The—Praxair did not reach a determination that there was a problem with the burst disk that was a cause of the failure, correct?
>
> A: Correct.

ECF No. 63-4 at 89–90. Later in the deposition, Mr. Rathgeber addressed the burst disk manufactured by Fike.

> A: The burst disk is a safety device, that's correct.
>
> Q: Okay. And then that's a secondary safety device after, what, the pressure relief valve?
>
> A: Correct.
>
> Q: So the event that occurred in this case is an example of the safety devices working?
>
> A: That's correct.

---

[1] Mr. Rathgeber went on to explain that the term "PPE" refers to protective equipment that Plaintiff should have been wearing. ECF No. 63-4 at 130.

> Q: Because I think, as you said earlier, if they didn't work, the entire tank full of liquid hydrogen could have exploded?
>
> A: That's correct.

ECF No. 63-4 at 134–135. Accordingly, Fike's counsel suggested that notwithstanding the status of the existing pleadings, Fike's counsel had been informed that Plaintiff was not looking for any payment or contribution from Fike. ECF No. 63 at 11–12.

On October 12, 2018, the Court directed Plaintiff, Praxair, Fiba, and Chart to submit supplemental briefing as to whether a second facilitation would be productive. ECF No. 66. On October 19, 2018, Praxair filed its supplemental briefing and noted that Plaintiff's complaint very generally alleges that his injury occurred due to a failure of the trailer's safety system. ECF No. 67 at 5. Praxair argued that because bursting discs are components of the trailer's safety system, Praxair would not withdraw its Notice of Non-Party at Fault naming Fike as a party until Plaintiff withdrew or dismissed his claim that the trailer's safety system failed. *Id.* at 5–6.

Later that same day, Plaintiff filed his supplemental briefing. ECF No. 70. Plaintiff's counsel expressed its willingness to dismiss Plaintiff's claims against Fike if Praxair and Fiba dismissed their Notice of Non-Party Fault against Fike. *Id.* at 2. However, Plaintiff did not address amendment of his complaint to more specifically explain his negligence claim to exclude its implication of Fike. *Id.*

## I.

On December 30, 2018, Fike filed a motion for summary judgment. ECF No. 80. Fike contends that "neither of Plaintiff's liability experts found fault with Fike's rupture disc and neither failed to place any blame for Mr. Guinn's accident or injuries upon Fike." *Id.* at 2. However, Fike's motion does not indicate whether it sought concurrence from Plaintiff, who Praxair only

identified as a potential party at fault because of Plaintiff's generic reference to the "trailer's safety system," or from Praxair, whose expert also testified that Fike's product performed as expected.

Pursuant to Local Rule 7.1, before filing any motion in this Court "[t]he movant must ascertain whether the contemplated motion . . . will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order." E.D. Mich. L.R. 7.1(a)(1). If concurrence is not obtained, the motion must state that the opposing party was contacted but concurrence in the relief sought was withheld. E.D. Mich. L.R. 7.1(a)(2).

Fike's motion does not indicate whether it contacted Plaintiff or Praxair or if Plaintiff opposed the motion. Accordingly, Fike will be directed to seek concurrence from Plaintiff and Praxair and to supplement its motion with Plaintiff's and Praxair's responses.

## II.

Plaintiff has filed a Motion to Compel Answers to Interrogatories and the Production of Documents. ECF No. 79. It explained that Plaintiff's expert, Thomas Witte, P.E., is of the opinion that the pressure in the trailer which led to the explosion of gas into the atmosphere was caused by (a) overfilling of the trailer by Praxair and (b) an unrepaired defect in the trailer which allowed the trailer to lose vacuum pressure. *Id.* at 11. Plaintiff believes that "historical vacuum pressure readings and trailer repair records" might corroborate Mr. Witte's opinion.

In its May 10, 2018 response, Praxair objected to Plaintiff's request for historical vacuum readings "that are not near in time to the incident." ECF No. 79-1. In its June 25, 2018 response, Praxair also objected to providing "Trailer 4855's vacuum readings from December 23, 2014 to the present" because "vacuum readings after the incident are not relevant to Plaintiff's claims." ECF No. 79-2. As Praxair now has Mr. Witte's opinion report, it will be directed to file an

identified as a potential party at fault because of Plaintiff's generic reference to the "trailer's safety system," or from Praxair, whose expert also testified that Fike's product performed as expected.

Pursuant to Local Rule 7.1, before filing any motion in this Court "[t]he movant must ascertain whether the contemplated motion . . . will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order." E.D. Mich. L.R. 7.1(a)(1). If concurrence is not obtained, the motion must state that the opposing party was contacted but concurrence in the relief sought was withheld. E.D. Mich. L.R. 7.1(a)(2).

Fike's motion does not indicate whether it contacted Plaintiff or Praxair or if Plaintiff opposed the motion. Accordingly, Fike will be directed to seek concurrence from Plaintiff and Praxair and to supplement its motion with Plaintiff's and Praxair's responses.

## II.

Plaintiff has filed a Motion to Compel Answers to Interrogatories and the Production of Documents. ECF No. 79. It explained that Plaintiff's expert, Thomas Witte, P.E., is of the opinion that the pressure in the trailer which led to the explosion of gas into the atmosphere was caused by (a) overfilling of the trailer by Praxair and (b) an unrepaired defect in the trailer which allowed the trailer to lose vacuum pressure. *Id.* at 11. Plaintiff believes that "historical vacuum pressure readings and trailer repair records" might corroborate Mr. Witte's opinion.

In its May 10, 2018 response, Praxair objected to Plaintiff's request for historical vacuum readings "that are not near in time to the incident." ECF No. 79-1. In its June 25, 2018 response, Praxair also objected to providing "Trailer 4855's vacuum readings from December 23, 2014 to the present" because "vacuum readings after the incident are not relevant to Plaintiff's claims." ECF No. 79-2. As Praxair now has Mr. Witte's opinion report, it will be directed to file an

expedited response to Plaintiff's motion. Notwithstanding Praxair's May and June 2018 responses, Plaintiff filed its motion to compel some five months later on November 30, 2018.

**III.**

Accordingly, it is **ORDERED** that Fike seek concurrence from Plaintiff and Praxair on its motion for summary judgment, ECF No. 80, and supplement its motion with Plaintiff's and Praxair's responses on or before **December 12, 2018**.

Furthermore, it is **ORDERED** that Praxair respond to Plaintiff's motion to compel, ECF No. 79, on or before **December 12, 2018**.

Dated: December 6, 2018  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge