UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY GUINN,

                Plaintiff,                Case No. 17-11436

v                                                Honorable Thomas L. Ludington

PRAXAIR, INC., FIBA TECHNOLOGIES,
INC., FIKE CORPORATION, AND
CHART INDUSTRIES, INC.

                Defendant.
_____/

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

On May 4, 2017, Plaintiff filed a complaint against Praxair, Inc. ("Praxair") and Fiba Technologies, Inc. ("Fiba") for injuries sustained from a hydrogen explosion. Compl., ECF No. 1. On December 19, 2017, Plaintiff filed an amended complaint adding two defendants, Fike Corporation ("Fike") and Chart Industries Inc. ("Chart"). ECF No. 27. On December 10, 2018, Plaintiff filed a motion for leave to amend his complaint. ECF No. 84. For the reasons explained below, the motion will be denied.

**I.**

On December 22, 2014, Plaintiff was scheduled to deliver hydrogen from East Chicago, Indiana to Hemlock Semiconductor in Hemlock, Michigan. ECF No. 55-1 at 39. The trailer used to deliver the hydrogen, Trailer 4855, was owned by Praxair. ECF No. 27 at 3. At the time of the incident, Plaintiff worked as a commercial truck driver for Ruan Transportation Management ("Ruan"). *Id.*

Prior to making the delivery, Plaintiff inspected the trailer. ECF No. 55-1 at 36. This included examining the trailer's valves, meters, hoses, and vent knobs. *Id.* Upon arriving at Hemlock Semiconductor, Plaintiff parked the trailer at one of eight hydrogen tanks. *Id.* at 30. He

chock blocked the trailer's tires, lowered the trailer's airbag, grounded the trailer, and connected a copper grounding wire to the trailer. *Id.* at 49–50. Plaintiff then lowered the pressure in the receiving tank and elevated the pressure in the trailer. *Id.* at 53. Hydrogen began pumping from the trailer into the tank. *Id.* at 56. At some point, hydrogen explosively escaped the trailer and injured Plaintiff. ECF No. 27 at 5.

On May 4, 2017, Plaintiff filed his initial complaint, claiming that the trailer's "safety relief system failed." Compl., ECF No. 1. He listed only two defendants, Praxair and Fiba. Plaintiff claimed that Praxair owned the trailer and that Fiba serviced the trailer prior to the incident. Plaintiff alleged that Praxair breached its duty of reasonable care in maintaining, testing, and inspecting the trailer. *Id.* at 4–5. He also claimed that Praxair was negligent by permitting use of the trailer and by failing to warn Plaintiff of signs of its valve degradation. *Id.* Plaintiff further claimed that Fiba breached its duty of reasonable care by negligently testing and inspecting the trailer and failing to recommend its removal from service. *See id.* at 5–6. On August 9, 2017, the Court entered a scheduling order setting March 12, 2018 as the conclusion of discovery. ECF No. 14.

On September 15, 2017, Praxair filed a Notice of Non-Party Fault. ECF No. 19. It presented five parties, including Fike and Chart, not identified in Plaintiff's complaint and alleged that these parties were at fault for Plaintiff's damages. On December 19, 2017, Plaintiff filed his first amended complaint which added Fike and Chart as defendants to the action. ECF No. 27. According to the amended complaint, Fike manufactured the trailer's burst or rupture discs that were intended to prevent the uncontrolled release of hydrogen gas from the trailer. *See id.* Plaintiff claimed that Fike negligently produced or supplied the discs and breached its warranty of these discs. *Id.* at 2. Plaintiff further claimed that Chart negligently manufactured the trailer. *Id.*

On February 3, 2018, the scheduling order was amended at the request of the parties and the close of discovery was extended to October 19, 2018, providing the parties more than one year for discovery. ECF No. 42. On July 9, 2018, a second amendment to the scheduling order was submitted. ECF No. 51. It sought a further extension of the dates entered by the Court in part based upon the attorneys' representations that they wanted to "focus on facilitation and to control litigation costs prior to facilitation." *Id.* at 2. Accordingly, the close of discovery was extended to November 19, 2018.

Shortly thereafter, case manager Kelly Winslow received a phone call from attorney James Hunter seeking a conference because the existing dates needed to be furthered extended, particularly with the need to prepare for facilitation. On August 7, 2018, a phone conference was held and additional extensions were granted in consideration of the parties' request for leniency to accommodate facilitation. *See* ECF No. 53. The close of discovery was extended to December 3, 2018. *Id.*

Throughout the course of this litigation, several different attorneys represented Plaintiff. The first complaint filed on May 4, 2017 listed Craig Hilborn and Kevin Riddle of Hilborn & Hilborn P.C. and Barry Conybeare of Conybeare Law Office, P.C. ECF No. 1. Six months later, Hilborn & Hilborn P.C. withdrew as counsel. ECF No. 22, 23. The next month, Debra Freid filed her appearance as co-counsel. ECF No. 24. On September 18, 2018, she withdrew. ECF No. 60. That same month, Thomas W. Waun and Vernon R. Johnson of Johnson Law, PLC appeared as co-counsel for Plaintiff. ECF No. 57, 59. Conybeare Law Office and Johnson Law are the two firms currently representing Plaintiff.

**II.**

Plaintiff now moves to amend his complaint. Mot. Am. Compl., ECF No. 84. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.

Plaintiff contends that he should be permitted to amend his complaint in the following three ways:

(a) Amend Plaintiff's specific theories of liability to conform with the discovery and expert opinions that have been developed throughout the case;

(b) Amend the Complaint to replace Praxair, Inc. as a defendant with the now owner of Praxair, Inc., Linde, PLC;

(c) Add a consortium claim for Plaintiff's wife Melissa Guinn.

Mot. Am. Compl. at 4, ECF No. 84. For the following reasons, Plaintiff's claim will be denied.

### A.

"To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (quoting *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986)). Filing a motion after the close of discovery constitutes significant prejudice. *Id.* ("[A]llowing amendment after the close of discovery creates significant prejudice."). Discovery in this case was originally established to conclude on March 12, 2018. ECF No. 14. It was extended to October 19, 2018 and then again to November 19, 2018. ECF No.

42, 51. It was extended a third and final time to December 3, 2018. ECF No. 53. Despite these multiple extensions, Plaintiff did not file his motion to amend until December 10, 2018, a week after discovery closed. Allowing an amendment at this juncture would significantly prejudice Defendants.

Furthermore, Plaintiff admits that the amendment seeks to change his "specific theories of liability." ECF No. 84 at 4. Plaintiff's original theory of liability was that the trailer's "safety relief system failed." Amend. Compl. at 5, ECF No. 27. Now, according to Plaintiff's expert, Thomas G. Witte, the trailer's safety relief system worked as intended. *See* Thomas G. Witte Expert Report at 15–16, ECF No. 72-2. This assertion contradicts Plaintiff's claim in his original complaint and amended complaint that the safety relief system failed.

Plaintiff's theory of liability is now based on failures of the trailer's vacuum system, the vent stack rain flap, and the location of the lights on the back of the trailer. Am. Compl., Ex. 1 at 5, ECF No. 84-1. Plaintiff seeks to make this fundamental transformation a year and a half after filing the original complaint, after the close of discovery, after Fike has submitted a motion for summary judgment, and less than two months before the dispositive motion deadline. Plaintiff's late development of a new theory of liability (and rejection of a previous theory) would significantly prejudice Defendants by forcing them to scramble to address Plaintiff's new theories. Permitting such a change would "prejudice the defendants to be compelled to reopen discovery and would deprive the defendants of their anticipated 'closure.'" *Duggins* 195 F.3d at 834; *See* Praxair's Resp. at 16, ECF No. 88.

Plaintiff has not addressed why he did not bring this motion to amend sooner. He seeks to amend his complaint to align his theories of liability with the "discovery and expert opinions that have been developed throughout the case." ECF No. 84 at 4. Plaintiff presumably learned of these

new theories of liability on or before October 1, 2018 when he submitted his two expert reports. Pl.'s Reply at 3, ECF No. 93. However, Plaintiff has not addressed why he waited over two months before seeking leave to amend his complaint. Cases arising from the use of complex machines, like Rome, "are not built in a day." Plaintiff's delay in apprising the Defendants and the Court of his change in factual and legal theories is not excusable given the close of discovery and Plaintiff's knowledge that the deadline for dispositive motions was fast approaching.

Plaintiff contends that amending the complaint at this stage of the litigation would not prejudice Defendants because "[t]here have been several occasions when Defendants have been put on notice of these theories of liability." Pl.'s Reply at 2, ECF No. 93. However, Plaintiff cannot foist upon Defendants the responsibility to anticipate that every potential theory of liability will be added to a complaint late in litigation. Expecting this of Defendants would waste their time and resources pursuing claims that may or may not materialize. Rather, Plaintiffs are expected to adequately plead and develop the claim in their complaint. They may later amend their complaint, but not when there is undue delay and risk of undue prejudice to the opposing parties as is the case here.

**B.**

Plaintiff's amended complaint would replace Praxair with Linde, PLC ("Linde"), the owner of Praxair. In its response, Praxair contends that Plaintiff's request is "a thinly veiled attempt to add a completely new defendant under a successor-liability theory without even touching the analysis that controls that determination." ECF No. 88. Praxair argues that under Michigan law, three criteria must be met in order to determine "whether there is continuity between a transferee and a transferor corporation." *Neagos v. Valmet-Appleton, Inc.*, 791 F.Supp. 682, 689 (E.D. Mich.

1992) (quoting *Turner v. Bituminous Casualty and Co.*, 397 Mich. 406 (1976)). These three criteria are

1. "[A] continuation of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations."

2. "The seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible,"

3. "The purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation."

*Id.* Praxair contends that in 2017, "Praxair, though a wholly owned subsidiary of Linde, remains an ongoing entity." ECF No. 88 at 21. Consequently, the second criteria is not met because it has continued its ordinary business operations.

Plaintiff does not address the successor-liability doctrine in his motion or in his reply to Praxair's response. In his motion, he dedicates only one paragraph to the issue, stating that Praxair recently filed with the Court a disclosure that it was owned by Linde. ECF No. 84 at iii. In his reply brief, he reiterates this argument and states that he simply wishes to add Linde to "clean up" his complaint. ECF No. 93 at 4. Plaintiff has not adequately addressed the substantive issues surrounding the substitution of Linde as a defendant and his request will be denied.

**C.**

Plaintiff seeks to add his wife, Melissa Guinn, as a plaintiff, contending that she "obviously has sustained significant injuries in the case." ECF No. 84 at iii. If this assertion is as obvious as Plaintiff contends, it is unclear why Plaintiff waited over a year and a half to attempt to add her as a plaintiff. Plaintiff's request is unduly delayed and granting it would prejudice Defendants.

Plaintiff contends that Defendants have already deposed Mrs. Guinn and that adding her would not be prejudicial because "[n]o experienced Defense attorney can claim to be surprised by this allegation in the context of this type of case." Pl.'s Reply at 5, ECF No. 93. Plaintiff provides

no other justification as to why he should be permitted to add Mrs. Guinn at this late stage of litigation. Defendants confirm that they have deposed Mrs. Guinn, but the deposition "focused *exclusively* on her husband's injuries." Def. Praxair's Resp. at 23, ECF No. 88 (emphasis present in original). Defendants were not on notice that they should ask her questions related to a loss-of-consortium claim, which entails the "loss of conjugal fellowship, companionship, services, and other incidents of the marriage relationship." *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 646 (Mich. Ct. App. 1992). Her role in the case would change if added as a plaintiff, potentially requiring discovery to reopen. As such, she will not be added as a plaintiff.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 84, is **DENIED**.

Dated: January 25, 2019　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge